IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON WELLS, | No. C 06-03191 WHA |
| Plaintiff, | |
| v. | **ORDER TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND VACATING HEARING** |
| CINGULAR WIRELESS LLC, | |
| Defendant. | |

**INTRODUCTION**

In this putative-class action for violations of the California wage-and-hour laws, defendant Cingular Wireless LLC moves to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. 1404(a). This order holds that the private and public factors clearly favor transfer to the Central District. Accordingly, defendant's motion is **GRANTED**.

**STATEMENT**

Defendant Cingular Wireless LLC is a provider of wireless services nationwide. Plaintiff Brandon Wells worked as a retail-sales consultant for Cingular in Huntington Beach, California from January 2005 to December 2005. Plaintiff never worked at any other location for Cingular, nor did he ever hold any other job title with Cingular during his tenure.

On March 24, 2006, plaintiff filed a complaint against Cingular in Alameda County Superior Court. Plaintiff alleged violations of California law on the grounds that he was not

1  paid for hours he worked, that he was paid the wrong rate, that he was denied meal and rest
2  breaks, and that he was not paid his final wages in a timely manner upon his termination.
3  Plaintiff styled his complaint as a class action on behalf of *all* hourly employees for Cingular
4  from 2002 to the present, not simply on behalf of retail-sales consultants. On May 12, 2006,
5  Cingular removed this action to federal court under the Class Action Fairness Act of 2005 and
6  on federal-question jurisdiction. This Court issued a case management order on August 17,
7  2006, and issued an order regarding the timing and scope of initial disclosures in this action on
8  September 6, 2006. This Court has not considered any other issues in this matter prior to the
9  instant motion.

10  For purposes of this motion, it is crucial to note that another putative-class action
11  involving similar claims was already pending in the United States District Court for the Central
12  District of California against Cingular at the time plaintiff Wells filed his complaint. *Jones v.*
13  *Cingular Wireless L.L.C.*, C 05-02907 DDP. On January 26, 2005, a putative-class action was
14  filed against Cingular in Santa Barbara County Superior Court; this was over one year before
15  the present action was filed. On April 20, 2005, Cingular removed *that* action to the Central
16  District, again over a year before the present action was removed. The *Jones* action, like the
17  action in this district, included claims on behalf of all retail-sales consultants for unpaid work
18  hours, denied meal and rest breaks, and waiting-time penalties.

**ANALYSIS**

20  Cingular now moves to transfer this action to the Central District on the grounds that the
21  underlying facts pertain more to that district and because transfer will facilitate coordination
22  with the earlier-filed *Jones* action. Under 28 U.S.C. 1404(a), "[f]or the convenience of the
23  parties and witnesses, in the interest of justice, a district court may transfer any civil action to
24  any other district or division where it might have been brought."

25  As a threshold matter, the party seeking transfer has the burden to establish that the
26  transferee court would have had subject-matter jurisdiction, defendants would have been subject
27  to personal jurisdiction, and venue would have been proper. *Hoffman v. Blaski,* 363 U.S. 335,
28  343–44 (1960). There is no dispute that this action could have been brought initially in the

2

Central District. Subject-matter jurisdiction would still be appropriate under CAFA in the Central District. Cingular is subject to personal jurisdiction in the Central District to the same extent Cingular is subject to personal jurisdiction in this district. Finally, venue would have been appropriate in the Central District because Cingular is a resident of California. Under 28 U.S.C. 1391(c), "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction."

Having found that these initial requirements are met, this order must explore whether Cingular has provided a rationale sufficient to defeat the presumption in favor of plaintiffs' chosen forum. The following principles guide this determination:

> As part of this inquiry, the court should consider private and public interest factors affecting the convenience of the forum. Private factors include the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling; and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make the trial of a case easy, expeditious and inexpensive." Public factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home;' the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law and the unfairness of burdening citizens in an unrelated forum with jury duty."

*Gherebi v. Bush*, 352 F.3d 1278, 1302–03 (9th Cir. 2003), *rev'd on other grounds*, 542 U.S. 952 (2004) (internal citations omitted). Here, both the private and public factors favor transfer to the Central District.

**1.    PRIVATE FACTORS.**

Here the private factors weigh strongly in favor of transfer. *First*, the access to the discovery materials and witnesses will be facilitated by transfer. Plaintiff worked exclusively in one Cingular location in Huntington Beach (*i.e.*, in territory covered by the Central District). The witnesses and documents related to plaintiff's case will accordingly be located in Southern California. This factor weighs strongly in favor of transfer. *See, e.g.*, *Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("If the operative facts have not occurred within

3

1 the forum of original selection and that forum has no particular interest in the parties or the
2 subject matter, the plaintiff's choice is entitled only to minimal consideration").

3 *Second*, transfer will facilitate consolidation of this action with the earlier-filed *Jones*
4 action. These two actions will require analysis of the same legal issues. Consolidation will
5 avoid unnecessary duplication in discovery, thereby mitigating the overall expense of resolving
6 these actions. "[T]he pendency of an action in another district is important because of the
7 positive effects it might have in possible consolidation of discovery and convenience to
8 witnesses and parties." *A. J. Indus., Inc. v. U.S. Dist. Court for Central Dist. of Cal.*, 503 F.2d
9 384, 389 (9th Cir. 1974) (internal citation omitted).

10 *Third*, in contrast, plaintiff has not articulated any prejudice that he will suffer by
11 proceeding in the Central District rather than in this district. Plaintiff worked in the Central
12 District and his counsel is based in Los Angeles. Plaintiff indicates that some of the relevant
13 witnesses and documents are in Texas and Washington, but that is clearly inapposite to the
14 relative benefits of this district over the Central District. *See, e.g.*, *Pac. Car*, 403 F.2d at 955
15 ("It will not promote justice to attempt to equalize inconvenience in such a case. This would do
16 little more than detract from the quality of the trial or increase the cost of litigation").

17 Plaintiff also argues that he will be prejudiced because the *Jones* action is proceeding
18 more slowly than he believes this action will. The *Jones* action, however, was filed over a year
19 before this action, requiring that the *Jones* action be given deference. *See, e.g.*, *Inherent.com v.*
20 *Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. Cal. 2006) (quoting *Pacesetter Sys.,*
21 *Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982)) ("The first-to-file rule is 'a
22 generally recognized doctrine of federal comity which permits a district court to decline
23 jurisdiction over an action when a complaint involving the same parties and issues has already
24 been filed in another district'").

25 **2.    PUBLIC FACTORS.**

26 The public factors also clearly weigh in favor of transfer. *First*, it is highly inefficient
27 for this district to expend resources adjudicating a dispute virtually identical to one already
28 pending in our sister district. This is particularly so where plaintiff has no discernable

4

connection to this district, where the facts of the action relate to the transferee district, and where much of the discovery and witnesses are located in the transferee district. *See, e.g.*, *Lee v. Lockheed Martin Corp.*, C 03-1533 SI, 2003 WL 22159053, at *3 (N.D. Cal. Sept. 16, 2003) (N.D. Cal. 2003) ("It is unnecessary for the Court to maintain two parallel suits on opposite sides of the country. A transfer promotes judicial economy"); *Inherent.com,* 420 F. Supp. 2d at 1102 ("to transfer the suit to New Jersey would further the first-to-file rule's purpose of promoting efficiency and avoiding the duplication of litigation").

*Second*, transfer this action to allow consolidation with the *Jones* action will avoid the possibility of inconsistent legal results on identical claims against Cingular. Indeed, this is particularly worrisome in the context of a class action where failure to consolidate could also muddle the issue of which plaintiffs are part of the class. In sum, the factors clearly favor transfer.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer is **GRANTED**. The Clerk shall immediately transfer the file to the United States District Court for the Central District of California. Finding no further argument necessary, the hearing on this motion is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 27, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5